# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KAY ANNE VANDERBRUG, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>MAXSOLD INC.<br><br>Defendant. | Case No. 2:22-cv-01707<br><br>**COMPLAINT - CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

Kay Anne Vanderbrug, individually and on behalf of others similarly situated, alleges the following against MaxSold Inc. ("MaxSold" or "Defendant").

## I. NATURE OF ACTION

1.  Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from

COMPLAINT - CLASS ACTION – 1

Turke & Strauss LLP
613 Williamson Street, Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people.  The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3. MaxSold solicits individuals and estates to be retained to sell the goods of individuals.

4. MaxSold made calls to residential telephone numbers, like Plaintiff's, that were listed on the National Do Not Call Registry.

5. Plaintiff now files this lawsuit seeking injunctive relief, requiring MaxSold to cease placing unsolicited calls to residential numbers on the National Do Not Call Registry, as well as an award of statutory damages and costs to Class members.

COMPLAINT - CLASS ACTION – 1

TURKE & STRAUSS LLP
613 Williamson Street, Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

## II. JURISDICTION AND VENUE

6. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

7. This Court has personal jurisdiction over MaxSold because it regularly conducts business in this District, including making telemarketing calls into this District and soliciting business from this District.

8. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this district, namely the telemarketing calls to the Plaintiff.

## III. PARTIES

9. Plaintiff Kay Anne Vanderbrug is a citizen of Washington, residing in King County, Washington.

10. Defendant MaxSold Inc. is a Delaware corporation that is registered to do business in the State of Washington.

## IV. TCPA BACKGROUND

**A.   The TCPA Prohibits Calls to Numbers on the National Do Not Call Registry.**

11. The TCPA prohibits making multiple telemarketing calls to a residential telephone number that has previously been registered on the National Do Not Call Registry. *See* 47 U.S.C. § 227(c)(5).

12. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

13. A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

COMPLAINT - CLASS ACTION – 1

TURKE & STRAUSS LLP
613 Williamson Street, Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

14.     The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provide a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**B.    The TCPA requires entities to have sufficient policies in place to prevent unwanted calls before making telemarketing calls.**

15.     The TCPA specifically required the Federal Communication Commission ("FCC") to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

16.     The FCC was instructed to "compare and evaluate alternative methods and procedures (including the use of . . . company-specific 'do not call systems . . .)" and "develop proposed regulations to implement the methods and procedures that the Commission determines are most effective and efficient to accomplish purposes of this section." *Id.* at (c)(1)(A), (E).

17.     Pursuant to this statutory mandate, the FCC established company-specific "do not call" rules. I*n the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 7 F.C.C. Rcd. 8752 (Oct. 16, 1992) ("TCPA Implementation Order").

18.     These regulations are codified at 47 C.F.R. §§ 64.1200(d)(1)-(7).

19.     Specifically, these regulations require a company to keep a written policy, available upon demand, for maintaining a do not call list, train personnel engaged in telemarketing on the existence and use of its internal do not call list, and record and honor "do not call" requests for no less than five years from the time the request is made. 47 C.F.R. §§ 64.1200(d)(1, 2, 3, 6).
This includes the requirement that "[a] person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the

COMPLAINT - CLASS ACTION – 1

TURKE & STRAUSS LLP
613 Williamson Street, Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity can be contacted." 47 C.F.R. § 64.1200(d)(4)

20. These policies and procedures prohibit a company from making telemarketing calls unless they have implemented these policies and procedures. 47 C.F.R. § 64.1200(d).

21. Accordingly, all telemarketing calls violate the TCPA, unless Defendant can demonstrate that it has implemented the required policies and procedures.

## V.  FACTUAL ALLEGATIONS

**A.    Factual Allegations Regarding MaxSold**

22. MaxSold is an estate sale marketplace.

23. MaxSold solicits individuals and estates to be retained to sell the goods of individuals.

24. To generate business, MaxSold relies on telemarketing.

25. Those telemarketing calls violate the TCPA when they are made to residential consumers on the National Do Not Call Registry.

**B.    Factual Allegations Regarding Plaintiff**

26. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

27. Plaintiff's telephone number, (XXX) XXX-9579, is a non-commercial telephone number not associated with any business.

28. Plaintiff's telephone number, (XXX) XXX-9579, is used for personal residential purposes.

29. Plaintiff's telephone number, (XXX) XXX-9579, has been listed on the National Do Not Call Registry since 2019.

30. Plaintiff has never been a MaxSold customer and never consented to receive calls from MaxSold.

COMPLAINT - CLASS ACTION – 1

TURKE & STRAUSS LLP
613 Williamson Street, Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

31. In April of 2022, Plaintiff started receiving telephone solicitation calls regarding MaxSold's estate sale services.

32. These calls came as early as 5:30 a.m.

33. The caller identified themselves as being from MaxSold and informed that the purpose of their call was to try to solicit Plaintiff to retain MaxSold for an estate sale.

34. Plaintiff lost her son on April 11, 2022.

35. Plaintiff received at least four calls from MaxSold after that date.

36. After the first call, Plaintiff called back to inform MaxSold that she did not want to be called by them.

37. Nonetheless, MaxSold continued to call Plaintiff.

38. MaxSold continued to call Plaintiff despite her request.

39. Indeed, prior to filing this lawsuit, Plaintiff made a complaint to the Washington Attorney General regarding the unwanted calls from MaxSold.

40. The Director of Sales at MaxSold, Oona Huddle, responded to Plaintiff's complaint to the Washington Attorney General on May 18, 2022.

41. The response stated:

> I would like to extend an apology for contacting Ms Vanderbrug so early in the morning. As stated in her complaint, it is unreasonable to be called repeatedly before 8am. Please know that this was not our intention. As a company MaxSold operates across 4 time zones in North America. The program we use to dial out is programmed to sort potential clients into a schedule based on their time zone, and to start attempting to reach clients at 8:30am in each time zone.
>
> Upon receiving Ms Vanderbrug's complaint, we discovered that the program was not sorting some of our clients properly and was labeling some in Pacific time as being in the Eastern time zone. We therefore first attempted to contact Ms Vanderbrug at 8:36am EST, which is 5:36 am PST. Ms Vanderbrug's complaint led us to investigate with the program developers and the problem was fixed so that we are not calling anyone else at such an unreasonable hour.

42. Nowhere in the response did MaxSold claim to have Plaintiff's consent to call her, despite the fact that her number was registered with the National Do Not Call Registry.

COMPLAINT - CLASS ACTION – 1

43. Each of the above-described calls occurred after Plaintiff had registered her residential telephone number with the National Do Not Call Registry.

44. Plaintiff and other individuals who received these telephone solicitation calls suffered an invasion of privacy and were harassed by the conduct of Defendant.

### VI. CLASS ACTION ALLEGATIONS

45. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

46. Plaintiff brings this action on behalf of herself and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or (b)(3).

47. Plaintiff proposes the following Class definition, subject to amendment as appropriate:

> All persons within the United States: (1) whose residential telephone numbers were on the National Do Not Call Registry for at least 31 days; (2) but who received more than one telephone solicitation call from Defendant or a third party acting on Defendant's behalf; (3) within a 12-month period; (4) within the four years prior to the filing of the Complaint.

48. Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Class as she has no interests that conflict with any of the Class members.

49. Excluded from the Class are counsel, Defendant, and any entities in which Defendant have a controlling interest, Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

50. Plaintiff and all members of the Class have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

51. This Class Action Complaint seeks injunctive relief and money damages.

COMPLAINT - CLASS ACTION – 1

TURKE & STRAUSS LLP
613 Williamson Street, Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

52. The Class, as defined above, is identifiable through Defendant's dialer records, other phone records, and phone number databases.

53. Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds.

54. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

55. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

56. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions that may affect individual Class members.

57. There are numerous questions of law and fact common to Plaintiff and to the proposed Class, including, but not limited to, the following:

    a. Whether Defendant made multiple calls to Plaintiff and members of the Class;

    b. Whether Defendant's conduct constitutes a violation of the TCPA; and

    c. Whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

58. Further, Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has no interests which are antagonistic to any member of the Class.

59. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class, and have the financial resources to do so.

60. Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient

COMPLAINT - CLASS ACTION – 1

TURKE & STRAUSS LLP
613 Williamson Street, Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendant and/or its agents.

61. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

62. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

**FIRST CAUSE OF ACTION**

**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c) on behalf of Plaintiff and the Class)**

63. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

64. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227. by making telemarketing calls, except for emergency purposes, to Plaintiff and members of the Class despite their numbers being on the National Do Not Call Registry.

65. Defendant's violations were negligent, willful, or knowing.

66. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class are entitled to an award of up to $500 and in damages for each and every call made and up to $1,500 in damages if the calls are found to be willful.

67. Plaintiff and the members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

COMPLAINT - CLASS ACTION – 1

TURKE & STRAUSS LLP
613 Williamson Street, Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

## VII.  PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Injunctive relief prohibiting Defendant from calling telephone numbers advertising their goods or services, except for emergency purposes, to any residential number on the National Do Not Call Registry in the future;

B. That the Court enter a judgment awarding Plaintiff and all Class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation; and

C. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing a Class the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class; and

D. Such other relief as the Court deems just and proper.

## VIII.  DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

RESPECTFULLY SUBMITTED AND DATED this 2nd day of December, 2022.

TURKE & STRAUSS LLP

By:   /s/ Samuel J. Strauss, WSBA #46971
Samuel J. Strauss, WSBA #46971
Email:  sam@turkestrauss.com
613 Williamson St., Suite 201
Madison, Wisconsin 53703
Telephone: (608) 237-1775
Facsimile:  (608) 509-4423

*Attorneys for Plaintiff*

COMPLAINT - CLASS ACTION – 1