— **EXHIBIT A** —

Execution Version

# FIRST AMENDMENT
# TO
# LOAN AND SECURITY AGREEMENT

This first amendment to loan and security agreement (this "**First Amendment**") is entered into this 31 day of October, 2023 ("**First Amendment Effective Date**"), by and among **NATIONAL BANK OF CANADA** ("**National**" or "**Bank**") and **MAXSOLD INCORPORATED,** a corporation formed under the federal laws of Canada ("**Canadian Borrower**") and **MAXSOLD INC.**, a corporation formed under laws of the State of Delaware ("**US Borrower**" and, together with Canadian Borrower, singularly and collectively, jointly and severally, "**Borrower**").

**RECITALS**

A. Silicon Valley Bank ("**SVB**") and Borrower entered that certain loan and security agreement dated as of March 16, 2022 (as the same may from time to time be amended, modified, supplemented or restated, the "**Loan Agreement**");

B. Pursuant to Section 11.2 of the Loan Agreement, SVB had the right, without the consent of or notice to Borrower, to sell, transfer, assign, negotiate, or grant participation in all or any part of, or any interest in, SVB's obligations, rights, and benefits under the Loan Agreement and the other Loan Documents (as defined in the Loan Agreement);

C. On August 28, 2023, SVB sold, transferred and assigned to National, all of SVB's interest in the Loan Agreement and the other Loan Documents (as defined in the Loan Agreement), including without limitation all of SVB's obligations and rights under the Loan Agreement and the other Loan Documents; and, in connection therewith SVB and National entered into that certain Assignment and Assumption Agreement dated as of August 28, 2023 (the "**Loan Assignment**");

D. Borrower has requested that Bank amend the Loan Agreement to make certain revisions to the Loan Agreement, as more fully set forth herein; and

E. Bank has agreed to so amend certain provisions of the Loan Agreement, but only to the extent, in accordance with the terms, subject to the conditions and in reliance upon the representations and warranties set forth below.

**AGREEMENT**

**NOW, THEREFORE,** in consideration of the foregoing recitals and other good and valuable consideration, the receipt and adequacy of which is hereby acknowledged, and intending to be legally bound, the parties hereto agree as follows:

1. **Definitions.** Capitalized terms used but not defined in this First Amendment shall have the meanings given to them in the Loan Agreement.

2. **Amendments to Loan Agreement.**

    2.1 **Payment of Interest on the Credit Extensions (Section 1.2).** Section 1.2(f) of the Loan Agreement is hereby deleted in its entirety and placed with the following:

    "    (f)    <u>Yearly Rate of Interest</u>. For the purposes of the *Interest Act* (Canada) and disclosure thereunder, whenever any interest or any fee to be paid hereunder or in connection herewith is to be calculated on the basis of a 365-day year, the yearly rate of

Execution Version

      discretion, that Borrower has transferred the funds comprising the First Amendment Equity Injection into an account held with Bank;

(c)     On or before the date which is thirty (30) days from the First Amendment Effective Date, post cash collateral with Bank in the amount of CAD$300,000 as security for amounts on deposit with Borrower's credit card processing company, Elavon, Inc.; and

(d)     On or before the date which is thirty (30) days from the First Amendment Effective Date, provide a certificate of insurance and insurance endorsements noting Bank as first loss payee and additional insured, in form and substance satisfactory to the Lender.

**2.7**     **Notices (Article 9)** Article 9 of the Loan Agreement is hereby deleted in its entirety and replaced with the following:

"**9**     **NOTICES**

All notices, consents, requests, approvals, demands, or other communication by any party to this Agreement or any other Loan Document must be in writing and shall be deemed to have been validly served, given, or delivered: (a) upon the earlier of actual receipt and three (3) Business Days after deposit in the U.S. mail or Canada Post, first class, registered or certified mail return receipt requested, with proper postage prepaid; (b) upon transmission, when sent by electronic mail; (c) one (1) Business Day after deposit with a reputable overnight courier with all charges prepaid; or (d) when delivered, if hand-delivered by messenger, all of which shall be addressed to the party to be notified and sent to the address or email address indicated below; provided that, for clause (b), if such notice, consent, request, approval, demand or other communication is not sent during the normal business hours of the recipient, it shall be deemed to have been sent at the opening of business on the next Business Day of the recipient. Bank or Borrower may change its mailing or electronic mail address by giving the other party written notice thereof in accordance with the terms of this Article 10.

|  |  |
|---|---|
| If to Borrower: | MaxSold Incorporated<br>178 Ontario Street, Suite 203<br>Kingston, Ontario K7L 2Y8<br>Attention: Russ Patterson<br>Email: russ.patterson@maxsold.com |
| If to Bank: | National Bank of Canada<br>Floor 29, 130 King St W<br>Toronto, Ontario M5X 2A2<br>Attention: Jacqueline Tiffin<br>Email: jacqueline.tiffin@nbc.ca |

with a copy (which shall not constitute notice) to:

      Aird & Berlis LLP