— **EXHIBIT G** —

# INTERROGATORIES

1. Identify, with contact information, all individuals relied on to provide and gather factual information in response to plaintiff's discovery requests.

**ANSWER:** Defendant answers as follows:

Matt Flood – contact through Defendant's counsel

Sath Dosanjh – contact through Defendant's counsel

Christopher Reid – contact through Defendant's counsel

2. Identify all officers and executives at your company.

**ANSWER:** Defendant objects that this interrogatory is overbroad and unduly burdensome given that it requires Defendant to identify "all officers and executives," and thus, is not otherwise reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objection, Defendant answers as follows: Christopher Reid

3. For all requests to admit that you do not respond to with an unqualified admission, state your grounds for refusing to admit the request.

**ANSWER**:

Request for Admission No. 7 – Defendant and 1000822913 Ontario Inc. do not have the same officers and directors.

Request for Admission No. 8 – To the best of Defendant's knowledge, 1000822913 Ontario Inc. did not purchase the Canadian Maxsold entity.

Request for Admission No. 9 – To the best of Defendant's knowledge, 1000822913 Ontario Inc. did not purchase the Canadian Maxsold entity. Defendant further denies that excluding the shares

DEFENDANT 1000822913 US INC.'S RESPONSES TO PLAINTIFF'S FIRST DISCOVERY REQUESTS - 2
#5800591 v1 / 77366-001

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

of Maxsold Inc,. from the purchase of the assets of Maxsold Incorporated was specifically related to avoiding liability related to the pending lawsuit against Maxsold, Inc., but rather was consistent with 1000822913 Ontario Inc. purchasing only the assets required to run the business and avoiding the burden of any liabilities in conjunction with the purchase of assets, again under a court approved process that frees 1000822913 Ontario of any obligations.

Request for Admission No. 10 – Defendant was informed that there was a lawsuit but that no settlement was possible considering Maxsold Inc. had no monies to pay as there was a secured lender against both Maxsold Inc. and Maxsold Incorporated with a priority general security agreement that included the rights to any assets. Further, Defendant was informed that Maxsold Inc.'s assets were insufficient to pay off the secured lender. Defendant was further informed that Plaintiff chose to ignore the fact that there was no way to recoup the funds/assets of Maxsold Inc., but continued to demand payment.

Request for Admission No. 11 – Defendant did not assume all the assets.

4. Explain your knowledge of 1000822913 Ontario Inc.'s bases for excluding Maxsold, Inc., from its purchase of the Canadian Maxsold, Inc.

**ANSWER:** Defendant objects that this interrogatory is vague and ambiguous due to the term "bases." Subject to the foregoing objection, Defendant answers as follows: 1000822913 Ontario Inc. did not purchase the Canadian entity Maxsold Incorporated, it purchased the assets required to run and operate the business. It did not purchase any liabilities of Maxsold Incorporated nor any unnecessary assets. The assets were purchased in a court-approved sale process free and clear of all liabilities. Excluding shares in the US entity Maxsold Inc. from the acquisition was consistent with the above approach.

DEFENDANT 1000822913 US INC.'S RESPONSES TO PLAINTIFF'S FIRST DISCOVERY REQUESTS - 3
#5800591 v1 / 77366-001

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

5. Detail any communications you, your officers, or agents had with Attorney Joe Goldberg, of Hogson Russ, in 2024.

**ANSWER**: Defendant objects to this interrogatory as overbroad and unduly burdensome considering it requires Defendant to detail "any communications" with Joe Goldberg regardless of the relevance of such communications to any issue, claim, or defense asserted in this case. Subject the foregoing objection, Defendant responds as follows: Pursuant to FRCP 33(d), any responsive-nonprivileged communication will be produced.

6. Detail any communications you, your officers, or agents had with Attorney Devon McCurdy, of Lane Powell, in 2024.

**ANSWER:** Defendant objects to this interrogatory as overbroad and unduly burdensome considering it requires Defendant to detail "any communications" with Devon McCurdy regardless of the relevance of such communications to any issue, claim, or defense asserted in this case. Subject the foregoing objection, Defendant responds as follows: Pursuant to FRCP 33(d), any responsive-nonprivileged communication will be produced.

7. Identify all your employees that previously worked for Maxsold, Inc.

**ANSWER**: Defendant answers as follows: As of February 12, 2025, there is one-full time employee—the Account Executive—and 42 part-time casual employees of 1000822913 US Inc. that previously worked for Maxsold Inc.

DEFENDANT 1000822913 US INC.'S RESPONSES TO PLAINTIFF'S FIRST DISCOVERY REQUESTS - 4
#5800591 v1 / 77366-001

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100