— **EXHIBIT I** —



Bankruptcy Court File No. BK-24-03044331-0033
Estate No. 33-044331

**ONTARIO
SUPERIOR COURT OF JUSTICE
(IN BANKRUPTCY AND INSOLVENCY)**

| | | |
|---|---|---|
| THE HONOURABLE | ) | THURSDAY, THE 25TH |
| | ) | |
| JUSTICE KERSHMAN | ) | DAY OF APRIL, 2024 |

**IN THE MATTER OF THE *BANKRUPTCY AND INSOLVENCY ACT,* RSC 1985, c B-3, AS AMENDED**

**AND IN THE MATTER OF THE NOTICE OF INTENTION TO MAKE A PROPOSAL OF MAXSOLD INC. OF THE CITY OF KINGSTON, IN THE PROVINCE OF ONTARIO**

**ASSIGNMENT, APPROVAL AND VESTING ORDER**

**THIS MOTION**, made by MaxSold Inc. (the "**Vendor**") pursuant to the *Bankruptcy and Insolvency Act*, R.S.C. 1985, c B-3, as amended (the "**BIA**") for an order, among other things: (a) approving the sale transaction (the "**Transaction**") contemplated by the Stalking Horse Agreement between the Vendor and 1000822913 Ontario Inc. (the "**Purchaser**") dated March 11, 2024 (the "**APA**") appended Exhibit "B" to the Supplemental Affidavit of Russ Patterson sworn April 24, 2024 (the "**Supplemental Patterson Affidavit**"); (b) vesting in the Purchaser all of the Vendor's right, title and interest in and to the assets described in the APA (the "**Purchased Assets**"); and (c) approving the assignment of the contracts listed at **Schedule "B"** of this Order (the "**Consent Required Contracts**") was heard this day by judicial videoconference via Zoom.

**ON READING** the Affidavit of Russ Patterson sworn April 19, 2024, the Supplemental Patterson Affidavit and the Second Report of Dodick Landau Inc. dated April 23, 2024 in its capacity as the proposal trustee of the Vendor (in such capacity, the "**Proposal Trustee**"), and on hearing the submissions of counsel for the Proposal Trustee, counsel for the Vendor, counsel for the Purchaser, and any other party that is present, no one appearing for any other

- 2 -

person on the service list, although properly served as appears from the affidavit of service Levi Rivers sworn April 22, 2024, filed:

**DEFINITIONS**

1.  **THIS COURT ORDERS** that the capitalized terms used but not otherwise defined herein shall have the meanings given to them in the APA.

**APPROVAL AND VESTING**

2.  **THIS COURT ORDERS AND DECLARES** that the Transaction is hereby approved, and the execution of the APA by the Vendor is hereby authorized and approved, with such minor amendments as the Vendor and Purchaser, in consultation with the Proposal Trustee, may deem necessary. The Vendor is hereby authorized and directed to take such additional steps and execute such additional documents as may be necessary or desirable for the completion of the Transaction and for the conveyance of the Purchased Assets to the Purchaser.

3.  **THIS COURT ORDERS AND DECLARES** that this Order shall constitute the only authorization required by the Vendor and Proposal Trustee to proceed with the Transaction and that no shareholder, partner, or other approvals shall be required in connection therewith.

4.  **THIS COURT ORDERS AND DECLARES** that upon the delivery of a Proposal Trustee's certificate to the Purchaser substantially in the form attached as **Schedule "A"** hereto (the "**Proposal Trustee's Certificate**"), all of the Vendor's right, title and interest in and to the Purchased Assets described in the APA shall vest absolutely in the Purchaser, free and clear of and from any and all security interests (whether contractual, statutory, or otherwise), hypothecs, mortgages, trusts or deemed trusts (whether contractual, statutory, or otherwise), liens, executions, levies, charges, or other financial or monetary claims, whether or not they have attached or been perfected, registered or filed and whether secured, unsecured or otherwise (collectively, the "**Claims**") including, without limiting the generality of the foregoing: (i) any encumbrances or charges created by the Order of the Honourable Justice Kershman dated April [March 8] 26 [14], 2024; and (ii) all charges, security interests or claims evidenced by registrations pursuant to the *Personal Property Security Act* (Ontario) or any other personal property registry system (all of which are collectively referred to as the "**Encumbrances**") and, for greater certainty, this Court orders that all of the Encumbrances affecting or relating to the Purchased Assets are hereby expunged and discharged as against the Purchased Assets.

US INC_000147

- 3 -

5.     **THIS COURT ORDERS** that for the purposes of determining the nature and priority of Claims, the net proceeds from the sale of the Purchased Assets shall stand in the place and stead of the Purchased Assets, and that from and after the delivery of the Proposal Trustee's Certificate all Claims and Encumbrances shall attach to the net proceeds from the sale of the Purchased Assets with the same priority as they had with respect to the Purchased Assets immediately prior to the sale, as if the Purchased Assets had not been sold and remained in the possession or control of the person having that possession or control immediately prior to the sale.

6.     **THIS COURT ORDERS AND DIRECTS** the Proposal Trustee to file with the Court a copy of the Proposal Trustee's Certificate, forthwith after delivery thereof.

7.     **THIS COURT ORDERS** that the Proposal Trustee may rely on written notice from the Vendor and the Purchaser or their respective counsel regarding the fulfillment or waiver of conditions to Closing under the APA and shall incur no liability with respect to delivery of the Proposal Trustee's Certificate.

8.     **THIS COURT ORDERS** that, pursuant to clause 7(3)(c) of the Canada *Personal Information Protection and Electronic Documents Act*, the Vendor and Proposal Trustee, as the case may be, are each authorized and permitted to disclose and transfer to the Purchaser all human resources and payroll information in the Vendor's records pertaining to the Vendor's past and current employees.  The Purchaser shall maintain and protect the privacy of such information and shall be entitled to use the personal information provided to it in a manner which is in all material respects identical to the prior use of such information by the Vendor.

9.     **THIS COURT ORDERS** that, notwithstanding:

    (a)     the pendency of these proceedings;

    (b)     any applications for a bankruptcy order now or hereafter issued pursuant to the BIA in respect of the Vendor and any bankruptcy order issued pursuant to any such applications; and

    (c)     any assignment in bankruptcy made in respect of the Vendor;

- 4 -

the vesting of the Purchased Assets in the Purchaser pursuant to this Order shall be binding on any trustee in bankruptcy that may be appointed in respect of the Vendor and shall not be void or voidable by creditors of the Vendor, nor shall it constitute nor be deemed to be a fraudulent preference, assignment, fraudulent conveyance, transfer at undervalue, or other reviewable transaction under the BIA or any other applicable federal or provincial legislation, nor shall it constitute oppressive or unfairly prejudicial conduct pursuant to any applicable federal or provincial legislation.

**ASSIGNMENT OF CONSENT REQUIRED CONTRACTS**

10. **THIS COURT ORDERS** that, in addition to all obligations under the Consent Required Contracts arising from and after the close of the Transaction, for which the Purchaser shall be liable, the Purchaser shall be liable for and shall pay the counterparty (or to the Proposal Trustee in trust on Closing for distribution to the applicable counterparty as soon as practicable thereafter) under such Consent Required Contracts the Cure Costs (as defined below), if any, on the Closing date, or as otherwise agreed to by the parties. For greater clarity, the Purchaser shall not be obligated to pay any Critical Supplier Pre-Filing Costs or the Critical Supplier Ongoing Costs, which remains the liability and obligation of the Vendor to the counterparty. For the purposes of this paragraph, "**Cure Costs**" shall mean, save and except for any Critical Supplier Pre-Filing Costs and Critical Supplier Ongoing Costs, those monetary defaults in relation to the Consent Required Contracts existing prior to the Closing Date, the quantum of which shall not include defaults arising by reason only of the insolvency of the Vendor, the commencement of these BIA proceedings or the failure to perform a non-monetary obligation under the Consent Required Contracts.

11. **THIS COURT ORDERS** that upon delivery of the Proposal Trustee's Certificate:

    (a)   all of the rights and obligations of the Vendor under and to the Consent Required Contracts listed in **Schedule "B"** hereto shall be assigned, transferred, and conveyed to and assumed by the Purchaser pursuant to Section 84.1 of the BIA, and such assignment is valid and binding upon all counterparties to the Consent Required Contracts, notwithstanding any restriction, condition or prohibition contained in any such Consent Required Contracts relating to the assignment thereof, including any provision requiring the consent of any party to the assignment; and

- 5 -

(b) the counterparties to the Consent Required Contracts are prohibited from exercising any rights or remedies under the Consent Required Contracts, and shall be forever barred and estopped from taking such action by reason of:

(i) any default arising due as a result of this proceeding;

(ii) any restriction, condition or prohibition contained therein relating to the assignment thereof or any change of control;

(iii) the proposed Transaction or any parts thereof (including the assignment of the Consent Required Contracts pursuant to this Order), or

(iv) any breach of a non-monetary obligation under a Consent Required Contract,

and are hereby deemed to waive any defaults relating thereto.

**GENERAL**

12. **THIS COURT ORDERS AND DECLARES** that the Vendor, the Purchaser, the Proposal Trustee, or any stakeholder may apply to the Court as necessary to seek further orders and directions to give effect to this Order.

13. **THIS COURT HEREBY REQUESTS** the aid and recognition of any court, tribunal, regulatory or administrative body having jurisdiction in Canada or in the United States to give effect to this Order and to assist the Proposal Trustee and its agents in carrying out the terms of this Order. All courts, tribunals, regulatory and administrative bodies are hereby respectfully requested to make such orders and to provide such assistance to the Proposal Trustee, as an officer of this Court, as may be necessary or desirable to give effect to this Order or to assist the Proposal Trustee and its agents in carrying out the terms of this Order.

14. **THIS COURT ORDERS** that this Order and all of its provisions are effective as of 12:01 a.m. Eastern Time on the date of this Order, and this Order is enforceable without the need for entry and filing.

KERSHMAN J

## Schedule A – Form of the Proposal Trustee's Certificate

Bankruptcy Court File No. BK-24-03044331-0033
Estate No. 33-044331

*ONTARIO*
**SUPERIOR COURT OF JUSTICE
(IN BANKRUPTCY AND INSOLVENCY)**

**IN THE MATTER OF THE *BANKRUPTCY AND INSOLVENCY ACT*, RSC 1985, c B-3, AS AMENDED**

**AND IN THE MATTER OF THE NOTICE OF INTENTION TO MAKE A PROPOSAL OF MAXSOLD INC. OF THE CITY OF KINGSTON, IN THE PROVINCE OF ONTARIO**

**PROPOSAL TRUSTEE'S CERTIFICATE**

**RECITALS**

A.   On February 15, 2024, MaxSold Inc. (the "**Vendor**") filed a Notice of Intention to Make a Proposal pursuant to section 50.4(1) of the *Bankruptcy and Insolvency Act* (Canada).

B.   Dodick Landau Inc. was appointed as proposal trustee of the Vendor (in such capacity, the "**Proposal Trustee**").

C.   Pursuant to an Order of the Court dated April 26, 2024 (the "**AVO**"), the Court approved the agreement of purchase and sale dated March 11, 2024 (the "**APA**") between the Vendor and 1000822913 Ontario Inc. (the "**Purchaser**") and provided for the vesting in the Purchaser of the Vendor's right, title and interest in and to the Purchased Assets, which vesting is to be effective with respect to the Purchased Assets upon the delivery by the Proposal Trustee to the Purchaser of a certificate confirming (i) the payment by the Purchaser of the Purchase Price for the Purchased Assets and Cure Costs; (ii) that the conditions to Closing as set out in sections 5.1 and 5.2 of the APA have been satisfied or waived by the Vendor and the Purchaser; and (iii) the Transaction has been completed to the satisfaction of the Proposal Trustee.

D.   Pursuant to the AVO, the Proposal Trustee may rely on written notice from the Vendor and the Purchaser regarding the fulfillment of conditions to Closing under the APA.

US INC_000151

- 2 -

E.  Unless otherwise indicated herein, terms with initial capitals have the meanings set out in the APA.

**THE PROPOSAL TRUSTEE CERTIFIES** the following:

1.  The Purchaser has paid and the Proposal Trustee has received the Purchase Price for the Purchased Assets payable on the Closing Date pursuant to the APA;

2.  The Purchaser had provided the Proposal Trustee with evidence that the Purchaser has paid the Cure Costs for the Consent Required Contracts (as defined in the AVO);

3.  The Vendor and Purchaser have each delivered written notice to the Proposal Trustee that the conditions to Closing as set out in sections 5.1 and 5.2 of the APA have been satisfied or waived by the Vendor and the Purchaser; and

4.  The Transaction has been completed to the satisfaction of the Proposal Trustee.

This Certificate was delivered by the Proposal Trustee at _____ [TIME] on _____, 2024.

**DODICK LANDAU INC., in its capacity as Proposal Trustee of MaxSold Inc., and not in its personal capacity**

Per: _____
Name: Rahn Dodick
Title: President



## Schedule B – Consent Required Contracts

| Contractual Counterparty | Contract |
|---|---|
| AuctionMethod, Inc. | Software Source Code License Agreement dated June 12, 2020 |
| AuctionMethod, Inc. | Website Services Agreement dated June 12, 2020 |
| Elavon Inc. | Payment Processor Agreement |
| Innovative Data Processing Solutions, Ltd | Managed Cloud Services Agreement dated January 12, 2022 |
| Algolia, Inc. | Standard Plan Agreement and Service Order dated January 2022 |

US INC_000153

| Court File No. BK-24-03044331-0033 |
| Estate File No. 33-044331 |

IN THE MATTER OF THE *BANKRUPTCY AND INSOLVENCY ACT*, RSC 1985, c B-3, AS AMENDED

IN THE MATTER OF THE NOTICE OF INTENTION TO MAKE A PROPOSAL OF MAXSOLD INC. OF THE CITY OF KINGSTON IN THE PROVINCE OF ONTARIO

---

**ONTARIO**
**SUPERIOR COURT OF JUSTICE**
**(IN BANKRUPTCY AND INSOLVENCY)**

Proceedings commenced at Ottawa

---

**ASSIGNMENT, APPROVAL AND VESTING ORDER**

---

**RECONSTRUCT LLP**
Royal Bank Plaza, South Tower
200 Bay Street
Suite 2305, P.O. Box 120
Toronto, ON  M5J 2J3

**Sharon Kour**  LSO No. 58328D
skour@reconllp.com
Tel: 416.613.8283

**Jessica Wuthmann**  LSO No. 72442W
jwuthmann@reconllp.com
Tel:  416.613.8288

Fax:  416.613.8290

Lawyers for MaxSold Inc.

US INC_000154